IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIM FLAHERTY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:26-cv-00358 |
| | ) | |
| BROCK PIERCE, et al., | ) | JUDGE RICHARDSON |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## **ORDER**

Plaintiffs in this matter have made two filings attempting to voluntarily dismiss the case. The first filing (Doc. No. 25, "First Notice") was made by Plaintiffs Tim Flaherty, Jake Flaherty, and Paige Larkin and purports to be a "Stipulation of Dismissal." (*Id.*). But the First Notice does not qualify as a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii), because it was not "signed by all parties who have appeared." Nonetheless, the First Notice qualifies as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) because such filing was filed before any of the Defendants served either an answer or a motion for summary judgment. Similarly, the second filing (Doc. No. 26, "Second Notice"), which was made by Plaintiffs Aniello Zampella, Stephan Ossello, and Robert Rawson, qualifies as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) because it too was filed before any of the Defendants served either an answer or a motion for summary judgment.

The Court considers these filings collectively and construes them as a joint notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (hereinafter the Court refers to Doc.

Nos. 25-26 collectively as the "Notices").[1] Notably, the Notices collectively suffice to dismiss this action in its entirety under Rule 41(a)(1)(A)(i), without any action on the part of the Court. The Notices state that the dismissal as it relates to Plaintiffs Tim Flaherty's, Jake Flaherty's, and Paige Larkin's claims against Defendants is with prejudice (Doc. No. 25 at 1), whereas the dismissal as it relates to Plaintiffs Aniello Zampella's, Stephan Ossello's, and Robert Rawson's claims against Defendants is without prejudice (Doc. No. 26 at 1). Therefore Plaintiffs Tim Flaherty's, Jake Flaherty's, and Paige Larkin's claims against Defendants are dismissed with prejudice, and Plaintiffs Aniello Zampella's, Stephan Ossello's, and Robert Rawson's claims against Defendants are dismissed without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B). Accordingly, the Court acknowledges that this action has been dismissed.

The Court will briefly address Plaintiffs' pending "Unopposed Motion to File Exhibits Under Seal." (Doc. No. 18, "Motion to Seal"). Relevant to the disposition of the Motion to Seal is Plaintiffs' reply memorandum (Doc. No. 17-1, "Reply Memorandum"), which was filed by Plaintiffs in support of their motion for temporary restraining order (Doc. No. 6, "Motion for TRO"). Via the Motion to Seal, Plaintiffs seek leave to file certain exhibits to Plaintiffs' Reply Memorandum under seal. (Doc. No. 18). More specifically, Plaintiffs seek leave to seal exhibits 2-6 and 8 to Plaintiffs' Reply Memorandum (*id.* at 1)—copies of exhibits 2-6 and 8 are currently filed under seal at Docket No. 19 ("Sealed Documents"). Notably, the Court has already issued a

---

[1] The undersigned has previously explained that "in the Sixth Circuit, a notice of dismissal under Rule 41(a)(1)(A)(i) or (ii) can be used to dismiss only all claims of all plaintiffs against all defendants, not individual claims or parties." *Acklin v. Express Courier Int'l, Inc.*, No. 3:18-CV-0028, 2019 WL 13026871, at *1 (M.D. Tenn. Aug. 12, 2019) (Richardson, J.). While the Court appreciates that neither Notice (i.e., neither the First Notice nor the Second Notice) on its own could be construed as a Rule 41(a)(1)(A)(i) dismissal—since each only addresses specific Plaintiffs' claims rather than the entire action—because the First Notice and Second Notice together result in the dismissal of all of Plaintiffs' claims against all Defendants, the Court finds it permissible to construe the filings together as a notice of dismissal pursuant to Rule 41(a)(1)(A)(i).

memorandum opinion and order denying the Motion for TRO (Doc. No. 22, "Order Denying the TRO"), and such order was issued without any regard to the Sealed Documents. In the interests of judicial economy, which would be ill-served by expending the (significant and very precious) judicial resources that would be required to address the substantive merit of the Motion to Seal, the Court resolves the Motion to Seal as reflected in the following paragraph.

The Court notes that there is no reason to believe that the public has a substantial interest in the Sealed Documents. Notably, and as discussed above, the Court has not taken any substantive action in reliance on the Sealed Documents. Instead, the Court was able to deny the Motion for TRO without any regard to the Sealed Documents. Therefore, the Court finds that there is no reason to believe that the public has *any* interest (and certainly not a substantial interest) in the Sealed Documents, because the underlying motion (i.e., the Motion for TRO) that the Sealed Documents were filed in support of was decided without any regard to the Sealed Documents. Therefore, the Court finds that the documents that Plaintiffs ask the Court to seal (i.e., the documents filed under seal at Docket No. 19) can and shall instead be stricken from the docket, which in turn renders the Motion to Seal moot.

### CONCLUSION

Accordingly, for the reasons described herein, the Court acknowledges that this action has been **DISMISSED**, and the Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file. The Clerk is further directed to **STRIKE** Docket No. 19, which in turn renders the Motion to Seal (Doc. No. 18) moot and **DENIED** accordingly.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE